**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CARLA BOURGOUIS,<br><br>Plaintiff,<br>vs.<br><br>THE VILLAGE OF DIXMOOR; Commander RONALD BURGE, JR., individually and as agent of the Village of Dixmoor; Ofc. VICTOR THOMAS, individually and as agent of the Village of Dixmoor; Ofc. JASON CHANDLER, individually and as agent of the Village of Dixmoor; and Sgt. JOSE VILLEGAS, individually and as agent of the Village of Dixmoor,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:20-cv-05835<br><br>Hon. Virginia M. Kendall<br>Mag. Sheila M. Finnegan |

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, CARLA BOURGOUIS, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, complaining against Defendants THE VILLAGE OF DIXMOOR; Commander RONALD BURGE, JR., individually and as agent of the Village of Dixmoor; Ofc. VICTOR THOMAS, individually and as agent of the Village of Dixmoor; Ofc. JASON CHANDLER, individually and as agent of the Village of Dixmoor; and Sgt. JOSE VILLEGAS, individually and as agent of the Village of Dixmoor, and states as follows:

## NATURE OF ACTION

1. This cause of action arises out of the assault and battery of Plaintiff CARLA BOURGOUIS, caused by Defendants THE VILLAGE OF DIXMOOR, Commander RONALD BURGE, JR., Ofc. VICTOR THOMAS, Ofc. JASON CHANDLER, and Sgt. JOSE VILLEGAS,

on or about October 5, 2019, at or near the Dixmoor Police Department station located at 170 West 145th Street, Village of Dixmoor, County of Cook, State of Illinois.

2. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff CARLA BOURGOUIS's rights as secured by the Fourth Amendment of the United States Constitution.

3. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and Illinois state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and redressing violations of civil rights pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over Illinois state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## THE PARTIES

6. Defendant, VILLAGE OF DIXMOOR, is a municipal corporation organized under the laws of the State of Illinois.

7. On and before October 5, 2019, and at all relevant times hereto, the Defendant, VILLAGE OF DIXMOOR, maintained, as a division of said municipality, a certain police department, commonly referred to as the Dixmoor Police Department.

8. On and before October 5, 2019, and at all relevant times hereto, Defendant RONALD BURGE, JR. was a Dixmoor police officer, employed by the Defendant VILLAGE OF DIXMOOR Police Department and holding the rank of Commander.

9. On and before October 5, 2019, and at all relevant times hereto, when Defendant BURGE JR. was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a Dixmoor police officer.

10. On and before October 5, 2019, and at all relevant times hereto, Defendants VICTOR THOMAS, JASON CHANDLER, and JOSE VILLEGAS were Dixmoor police officers, employed by the Defendant VILLAGE OF DIXMOOR Police.

11. On and before October 5, 2019, and at all relevant times hereto, when Defendants THOMAS, CHANDLER, and VILLEGAS were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Dixmoor police officers.

12. At all relevant times, Plaintiff BOURGOUIS was a citizen of the United States and a resident of Dixmoor, Cook County, Illinois.

## FACTS APPLICABLE TO ALL COUNTS

13. On October 5, 2019, Defendant BURGE, JR. held the rank of Commander in the Dixmoor Police Department.

14. Defendant BURGE, JR. was and is the son of Ronald Burge, Sr., who on October 5, 2019 was, and presently is, the Chief of Police of the Dixmoor Police Department.

15. Chief Burge, Sr. had previously served as Chief of Police for the VILLAGE OF DIXMOOR from 2001 to 2003.

16. Prior to being hired by the VILLAGE OF DIXMOOR in 2001, Chief Burge, Sr. had been arrested and charged with several criminal offenses, including domestic battery, battery, and obstruction of justice.

17. Prior to being hired by the VILLAGE OF DIXMOOR, Chief Burge, Sr., had been dismissed from another Illinois police department due to accusations of misconduct.

18. The VILLAGE OF DIXMOOR was aware of these criminal offenses at the time of Chief Burge, Sr.'s hiring.

19. The VILLAGE OF DIXMOOR was aware of this termination at the time of Chief Burge, Sr.'s hiring.

20. The VILLAGE OF DIXMOOR subsequently terminated Chief Burge, Sr. for misconduct in 2014.

21. Notwithstanding this termination, Chief Burge, Sr. was re-hired by the VILLAGE OF DIXMOOR in 2017 as Chief of Police.

22. Defendant BURGE, JR. was promoted to the rank of Commander because of his familial relationship with Chief Burge, Sr.

23. After being hired by the VILLAGE OF DIXMOOR, Defendant BURGE, JR. was accused by another VILLAGE OF DIXMOOR employee of sexual harassment.

24. On December 29, 2018, Defendant BURGE JR. struck an individual in the face with handcuffs and dragged another individual by the neck without legal justification.

25. The VILLAGE OF DIXMOOR was aware of these incidents.

26. The VILLAGE OF DIXMOOR did not discipline Defendant BURGE, JR. for his sexual harassment.

27. The VILLAGE OF DIXMOOR did not discipline Defendant BURGE, JR. for this use of excessive force.

28. On October 5, 2019, at approximately 12:20 p.m., Plaintiff BOURGOUIS reported to the Dixmoor Police Department station located at 170 West 145th Street, Dixmoor, Illinois.

29. As of October 5, 2019, Plaintiff BOURGOUIS was sixty-six years of age, stood five feet and three inches tall, and weighed approximately 127 pounds.

30. Plaintiff BOURGOUIS had arrived at the station to address the arrest and detention of a juvenile suspect, who remained at that time in the custody of the Dixmoor Police Department.

31. After arriving at the station, Plaintiff BOURGOUIS witnessed Defendant BURGE, JR. detain a male individual for taking photographs in the station lobby with his cell phone.

32. As of October 5, 2019, Defendant BURGE stood six feet and three inches tall and weighed approximately 250 pounds.

33. Out of concern for the male detainee's safety, Plaintiff BOURGOUIS then began to photograph his arrest with her cell phone.

34. Defendant BURGE, JR. witnessed Plaintiff BOURGOUIS photograph the incident and demanded that she surrender her cellular phone to him.

35. Plaintiff BOURGOUIS declined to surrender her cell phone and exited the station lobby into the station's parking lot.

36. Defendant BURGE, JR. pursued Plaintiff BOURGOUIS into the parking lot, drawing his Dixmoor Police Department-issued handgun.

37. Defendant BURGE, JR. pressed Plaintiff against a car and pulled her arm behind her back.

38. Defendant BURGE, JR. then grabbed Plaintiff BOURGOUIS across her chest and neck, holding his handgun in his other hand.

39. Defendant BURGE, JR. dragged Plaintiff BOURGOUIS back into the station by her chest and neck.

40. At times, BURGE, JR. lifted Plaintiff BOURGOUIS completely from the ground by her neck and chest, causing her feet to dangle in the air.

41. Plaintiff BOURGOUIS did not resist BURGE, JR. as he carried her by her chest and neck into the station.

42. Defendant BURGE, JR. was entirely physically in control of Plaintiff BOURGOUIS as he carried her by the neck and chest into the station.

43. Upon re-entering the station, BURGE, JR. handed his handgun to Defendant THOMAS, CHANDLER, and/or VILLEGAS.

44. Upon re-entering the station, BURGE, JR. intentionally slammed Plaintiff BOURGOUIS's head into the wall of a station hallway three times.

45. Defendants THOMAS, CHANDLER, and VILLEGAS observed BURGE, JR. slam Plaintiff's head into the wall.

46. Defendant BURGE, JR. then shoved Plaintiff BOURGOUIS's face into a counter.

47. Defendants THOMAS, CHANDLER, and VILLEGAS observed Defendant BURGE, JR. shove BOURGOUIS's face into a counter.

48. Plaintiff BOURGOUIS did not offer any resistance to BURGE, JR.

49. At no time on October 5, 2019 was Plaintiff BOURGOUIS suspected to be armed with any weapon, nor was she in fact in possession of any weapon.

50. At no time on October 5, 2019 was Plaintiff suspected of any violent offense.

51. At no time on October 5, 2019 did Plaintiff BOURGOUIS use force against Defendant BURGE, JR. or any other officer of the Dixmoor Police Department.

52. As a result of Defendant BURGE, JR.'s actions, Plaintiff BOURGOUIS suffered physical injury which required repeated medical treatment.

53. As a result of the complained-of interaction, Defendant BURGE, JR. was charged with ten felony criminal offenses, including six (6) counts of aggravated battery, three (3) counts of official misconduct, and one (1) count of false reporting.

**COUNT I – 42 U.S.C. §1983 – Excessive Force**
**(*Carla Bourgouis v. Defendant Burge, Jr.*)**

54. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

55. The aforementioned conduct of Defendant BURGE, JR. constituted excessive force in violation of the United States Constitution.

56. At all material times, Defendant BURGE, JR. was acting under color of state law as agent and employee of Defendant VILLAGE OF DIXMOOR.

57. At all material times, Defendant BURGE, JR. was wearing an official department uniform and was acting in the course and scope of his duties as a Dixmoor Police Officer at the time that he physically assaulted Plaintiff BOURGOUIS.

58. At all material times, Defendant BURGE, JR. had no reason to believe that Plaintiff was armed or dangerous.

59. At all material times, Defendant BURGE, JR. did not have a reasonable fear of imminent bodily harm when he physically assaulted Plaintiff, nor did Defendant BURGE, JR. have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff BOURGOUIS.

60. The aforementioned conduct of Defendant BURGE, JR. in grabbing Plaintiff BOURGOUIS by her arm, neck and chest, dragging her, lifting her from the ground, slamming her face into a wall, and pressing her face into a counter was objectively unreasonable.

61. The aforementioned conduct of Defendant BURGE, JR. was done intentionally and with a reckless disregard for Plaintiff's rights.

62. As a result of Defendant BURGE, JR.'s unjustified and excessive use of force, Plaintiff BOURGOUIS experienced conscious pain and suffering.

63. As a result of Defendant BURGE, JR.'s unjustified and excessive use of force, Plaintiff BOURGOUIS was forced to incur medical bills and undergo medical treatment, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE Plaintiff BOURGOUIS demands judgment against Defendant BURGE, JR. for compensatory and punitive damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**COUNT II – 42 U.S.C. §1983 – Failure to Intervene**
**(*Carla Bourgouis v. Defendants Thomas, Chandler, and Villegas*)**

64. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

65. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS were acting under color of state law as agents and employees of Defendant VILLAGE OF DIXMOOR.

66. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS were wearing official department uniforms and were acting in the course and scope of their duties as VILLAGE OF DIXMOOR officers.

67. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS had no reason to believe that Plaintiff was armed or dangerous.

68. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS did not have a reasonable fear of imminent bodily harm, nor did Defendants THOMAS, CHANDLER,

and VILLEGAS have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff BOURGOUIS.

69. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS observed the force applied by Defendant BURGE, JR.

70. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS knew or had reason to know that the force applied by Defendant BURGE, JR. was disproportionate and excessive.

71. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS observed or had reason to know that a violation of Plaintiff BOURGOUIS's constitutional right to be free from excessive force was occurring.

72. At all material times, Defendants THOMAS, CHANDLER, and VILLEGAS had the opportunity and means to prevent this harm from occurring.

73. Defendants THOMAS, CHANDLER, and VILLEGAS failed to intervene with Defendant BURGE, JR. to prevent the violation of Plaintiff's constitutional rights.

74. The aforementioned conduct of Defendants THOMAS, CHANDLER, and VILLEGAS in failing to intervene against the violation of Plaintiff BOURGOUIS's constitutional rights was objectively unreasonable.

75. The aforementioned conduct of Defendants THOMAS, CHANDLER, and VILLEGAS was done intentionally and with a reckless disregard for Plaintiff's rights.

76. As a result of Defendants THOMAS, CHANDLER, and VILLEGAS' unjustified failure to intervene, Plaintiff BOURGOUIS experienced conscious pain and suffering.

77. As a result of Defendants THOMAS, CHANDLER, and VILLEGAS' unjustified failure to intervene, Plaintiff BOURGOUIS was forced to incur medical bills and undergo medical

treatment, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE Plaintiff BOURGOUIS demands judgment against Defendants THOMAS, CHANDLER, and VILLEGAS for compensatory and punitive damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**COUNT III – 42 U.S.C. §1983 – *Monell***
**(*Carla Bourgouis v. Village of Dixmoor*)**

78. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

79. At all relevant times, Defendant VILLAGE OF DIXMOOR had in effect policies, practices, or customs that condoned, fostered, and were the driving force of the unconstitutional conduct of Defendants BURGE, JR., THOMAS, CHANDLER, and VILLEGAS.

80. Defendant VILLAGE OF DIXMOOR failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

81. Defendant VILLAGE OF DIXMOOR failed to properly train its officers, including Defendants BURGE, JR., THOMAS, CHANDLER, and VILLEGAS in one or more of the following areas:

a. Adherence to a use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;
b. Use of force on non-resistant suspects;
c. Use of force on unarmed suspects;
d. Recognition of the use of excessive force;
e. Intervention against the use of excessive force.

82. Defendant VILLAGE OF DIXMOOR failed to properly supervise Defendant BURGE, JR.

83. Defendant VILLAGE OF DIXMOOR failed to properly discipline officers, including Defendant BURGE, JR.

84. As such, Defendant VILLAGE OF DIXMOOR was deliberately indifferent and reckless with respect to the potential violation of Plaintiff BOURGOUIS's constitutional right to be free from excessive force.

85. Defendant VILLAGE OF DIXMOOR's policies, practices, customs, and/or failures were the moving force behind the actions of Defendant BURGE, JR., THOMAS, CHANDLER, and VILLEGAS, which resulted in the injuries to Plaintiff BOURGOUIS.

86. The failure to train constituted an official policy, a practice, or custom of Defendant VILLAGE OF DIXMOOR.

87. The failure to supervise constituted an official policy, practice, or custom of Defendant VILLAGE OF DIXMOOR.

88. The failure to discipline constituted an official policy, practice or custom of Defendant VILLAGE OF DIXMOOR.

89. Arresting an individual is a usual and recurring situation with which the agents of Defendant VILLAGE OF DIXMOOR encounter on a regular basis.

90. As a direct and proximate result of the acts and omissions of Defendant VILLAGE OF DIXMOOR, Plaintiff BOURGOUIS was forced to incur medical bills and undergo medical treatment, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE, Plaintiff BOURGOUIS demands judgment against Defendant VILLAGE OF DIXMOOR for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**<u>COUNT IV – Battery</u>**
**(*Carla Bourgouis v. Ronald Burge, Jr.*)**

91. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

92. Defendant BURGE intentionally, willfully and wantonly battered Plaintiff BOURGOUIS when BURGE aggressively grabbed, lifted, dragged, and struck her.

93. While Defendant BURGE was battering Plaintiff, BURGE was acting within the course and scope of his employment with the Defendant VILLAGE OF DIXMOOR's Police Department.

94. These acts constituted harmful and unlawful touching of Plaintiff BOURGOUIS's person and were undertaken without her consent.

95. As a result of Defendant BURGE's actions, described in this Complaint, Plaintiff suffered damages, including physical and emotional injuries, past and future medical expenses, pain and suffering, disfigurement, and loss of a normal life.

WHEREFORE, Plaintiff BOURGOUIS demands judgment against Defendant VILLAGE OF DIXMOOR for damages, costs, disbursements, and for any further relief that this Court deems fair and just.

**<u>COUNT V – Battery- *Respondeat Superior*</u>**
**(*Carla Bourgouis v. Village of Dixmoor***

96. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

97. Defendant BURGE, JR. intentionally, willfully and wantonly battered Plaintiff BOURGOUIS when BURGE, JR. aggressively grabbed, lifted, dragged, and struck her.

98. While Defendant BURGE, JR. was battering Plaintiff, BURGE was acting within the course and scope of his employment with the Defendant VILLAGE OF DIXMOOR's Police Department

99. Illinois law provides that public entities, such as Defendant, VILLAGE OF DIXMOOR, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

100. Defendant, VILLAGE OF DIXMOOR, is liable as principal for all torts committed by Defendant BURGE, JR. based on the theory of *respondeat superior*.

101. As a result of Defendant BURGE's actions, described in this Complaint, Plaintiff suffered damages, including physical and emotional injuries, past and future medical expenses, pain and suffering, disfigurement, and loss of a normal life.

WHEREFORE, Plaintiff BOURGOUIS demands judgment against Defendant VILLAGE OF DIXMOOR for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

Respectfully Submitted,

By: _/s/ *Nicolette A. Ward*______

Nicolette A. Ward
Ian P. Fallon
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
nward@rblaw.net
ifallon@rblaw.net
Counsel for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues raised herein.

/s/ *Nicolette A. Ward*
*Counsel for Plaintiff*